# EXHIBIT 3



**BOYD**
FORENSIC
PSYCHOLOGY
SERVICES

**Sara Boyd, Ph.D.** Licensed Clinical Psychologist

**ph:** 571.317.0979 | **fax:** 844.598.6534

January 19, 2022

Cary Citronberg, Esq.
Zwerling/Citronberg PLLC
114 North Alfred Street
Alexandria, Virginia 22314

Jess Johnson, Esq.
Pate, Johnson, & Church
114 North Alfred Street
Alexandria, Virginia 22314

Re:     *Fried, Ian*
DOB:    █████████████

Attorneys Citronberg and Johnson,

At your request, I write to provide a brief summary of my opinion regarding your client, Ian Fried. As you know, Mr. Fried has pending charges related to possessing child sexual exploitation material. He is currently housed in the Central Virginia Regional Jail.

I met with Mr. Fried for about 2 and one-half hours at the jail on January 10, 2022. He was groomed and appeared clean. He participated in an initial clinical interview, and I collected information relevant to assessing his risk using the Child Pornography Offender Risk Tool (CPORT), which is typically administered in tandem with the Correlates of Admission of Sexual Interest in Children (CASIC) measure, to assess the risk of reoffense in individuals who have charges related to illegal child sexual exploitation material.

Generally speaking, the CASIC and CPORT are used to gauge longer-term risk rather than imminent risk. I considered information relevant to the Mr. Fried's shorter-term risk, if he was to be released to the community, under supervision, to permit his participation in treatment for

men with sexual behavior problems. More imminent risk tends to be associated with (a) having unrestricted and unsupervised (or insufficiently supervised) access to minor children within the person's preferred age range, (b) behavioral dyscontrol[1] factors such as severe mood problems, aggressive outbursts, and severe impulsivity, (c) a history of significant or at least repeated criminal conduct—especially aggressive and violent criminal history—even if this other conduct was not sexual in nature, and (d) young age (usually conceptualized as under 35 years of age but risk is highest for males in their late teens and early 20s). More general (nonsexual) violence risk considerations would include having made threats to harm someone, holding a grudge against a person or group of people, attempts to escape the facility, being found with contraband weapons in the facility, a characterological tendency toward angry hostility, a tendency to ruminate about and nurse perceived slights, and lifestyle (e.g, housing, employment, social support) instability.

This is Mr. Fried's first significant criminal charge, so far as I am aware. His charges relate to child sexual exploitation material, without allegations of contact offending based on the information I have reviewed. He does not have a history of violating community supervision requirements, because he has not been on supervision before.

In my opinion, Mr. Fried is suitable for community release to pursue treatment under specific conditions, and the jail is not able to provide appropriate treatment to him either live or via telehealth. I have attempted to conduct telehealth meetings in recent months at the Central Virginia Regional Jail without success. Mr. Fried has outstanding treatment needs that do not confer imminent risk of harming another person, but which do need to be addressed as soon as possible. His release would also facilitate my evaluation of Mr. Fried, which has begun but has additional components such as psychological testing.

If Mr. Fried were to be released to the community under pretrial supervision, he would need the following (from a risk management and treatment perspective):

1. No unsupervised contact with minor children. Supervising adults should be approved by Mr. Fried's supervising officer, and in order to be approved, the supervising adults will need to demonstrate their appreciation of the seriousness of the alleged conduct, as well as the need for them to honestly and assertively supervise their family member. Prospective supervising adults who minimize the harm of this type off alleged conduct (i.e., possessing child sexual exploitation material) should be counseled about the seriousness of the harm, and not

---

[1] Substance use can also decrease behavioral controls via disinhibition, impaired judgment, and increased impulsivity, and so substance use should be strongly discouraged in people with suspected or known sexual behavior problems.

permitted to serve as supervisors of Mr. Fried until the supervising officer is satisfied that they have remediated the gaps in their understanding and appreciation of their responsibilities.

2. Highly restricted and supervised internet use. I strongly recommend against permitting access to a smartphone. Using computers and tablets should be limited to necessary tasks and not permitted for leisure activities. His devices should be monitored by supervising personnel. This is a commonsense set of provisions given his charges.

3. No activities that permit, encourage, or facilitate communications with minors, such as attendance at religious events that include children, academic activities aimed at promoting youth engagement, community sporting events for youth, etc.

4. Participation, as soon as it can be arranged, in psychotherapy with a provider who specializes in and is credentialed to treat individuals with sexual behavior problems. In Virginia, the typical credential for such a provider would be the Certified Sex Offender Treatment Provider (CSOTP). I can provide recommendations for potential treatment providers if needed. In my view, he would benefit from working with a provider who has experience working with individuals accused of internet-facilitated offenses.

Please contact me if you have further questions or concerns.


Respectfully submitted,

Sara E. Boyd, Ph.D., ABPP
Licensed Clinical Psychologist
Board Certified Forensic Psychologist
American Board of Professional Psychology